## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ROBERT COFFEY,                          )
                                        )
      Plaintiff,                     )
                                        )
      v.                             )          Case No.
                                        )
NAVIENT SOLUTIONS, INC.,                )
                                        )
      Defendant.                     )

## PLAINTIFF'S COMPLAINT

Plaintiff, ROBERT COFFEY ("Plaintiff"), through attorneys, alleges the following against Defendant, NAVIENT SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law 339.901 et seq. ("MOC").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

7.  Plaintiff is a natural person residing in Romulus, Michigan.

8.  Plaintiff is a consumer as that term is defined by Mich. Comp. Law § 445.251(d), and Mich. Comp. Law § 339.901(f).

9.  Plaintiff allegedly owes a debt as that term is defined by Mich. Comp. Law § 339.901(a).

10. Defendant is a debt collector as that term is defined by Mich. Comp. Law § 445.251(b), and *Mich. Comp. Law § 339.901(b)*.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a corporation with its headquarters in Delaware.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Since approximately 2015 and specifically within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a student loan debt originally incurred by Plaintiff's grandson.

15. Upon information and belief, the alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

16. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (317) 550-5602.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to, the forgoing telephone number for the purpose of collecting the alleged debt.

17. Within four years prior to the filing of this action, Defendant concurrently and continuously contacted Plaintiff at Plaintiff's telephone number ending in -8494.

18. In or around 2015, and specifically on numerous occasions from May of 2015 through September 2015, Plaintiff spoke to Defendant's representative and informed Defendant's representative and requested that Defendant cease placing automated collection calls to him and instead call his grandson, the borrower.

19. Despite Plaintiff's repeated requests to cease, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly.

20. At all times relevant to this action, while conducting business in Michigan, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

21. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

22. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

23. Plaintiff never provided her consent for Defendant to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

24. Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked when Plaintiff demanded that Defendant cease calling Plaintiff on Plaintiff's cellular telephone.

25. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

26. Defendant is not a tax exempt nonprofit organization.

27. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on countless occasions.

## COUNT I

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) That during the year prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## COUNT II

## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

32. Plaintiff repeats and re-alleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Defendant violated §339.915(n) of the MOC by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to right or engaging Plaintiff in telephone conversation repeatedly, continuously or at unusual times which are known to be inconvenient to Plaintiff.

34. Defendant's acts as described above were done intentionally with the purpose of coercing

35. As a result of the foregoing violations of the MOC, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ROSE FERGUSON, respectfully requests judgment be entered against Defendant, ACME CREDIT SERVICES, for the following:

36. Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

37. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

38. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

39. Any other relief that this Honorable Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a)    An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

b)    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

c)     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

*Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);*

e)  Statutory damages of $150.00 pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*;

f)  Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*; and

g)  Actual damages pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2);

h)  Statutory damages of $150.00 pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2); and

i)  Costs and reasonable attorneys' fees pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2); and

j)  Any other relief that this Honorable Court deems appropriate.


DATED**:** April 13, 2016                RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
     Michael S. Agruss
     Agruss Law Firm, LLC
     4809 N Ravenswood Ave, Suite 419
     Chicago, IL 60640
     Phone 312-224-4695;
     Fax:  312-253-4451
     michael@agrusslawfirm.com
     *Attorney for Plaintiff*
     *Robert Coffey*